## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR CRIVILARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 3:21-cv-858 |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| STEVEN BYBEE, VERNON JAMES, and ) | |
| MICHAEL PRINCE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, VICTOR CRIVILARE, by and through his attorneys, Kujawski & Associates, LLC, and for his Complaint against Defendants, Union Pacific Railroad Company, Steven Bybee, Vernon James, and Michael Prince, both individually and severally, states as follows:

### COUNT I - RAIL SAFETY ACT
### 49 U.S.C. SECTION 20109

1.     The Plaintiff, Victor Crivilare, brings this action against Defendants', Union Pacific Railroad Company, Steven Bybee, Vernon James, and Michael Prince, both individually and severally, for violations of the Federal Rail Safety Act, 49 U.S.C. Section 20109.

2.     This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, (hereinafter "FRSA") 49 U.S.C. Section 20109(d)(3).

3.     The Complainant's FRSA Complaint was filed more than 210 days ago, and as of this date the Secretary of Labor has not issued a final decision.

4. That Plaintiff, Victor Crivilare, is a resident and citizen of Effingham, Illinois and was employed by the Union Pacific Railroad Company as a locomotive engineer from February 12, 1996 until March 20, 2020.

5. That all times mentioned herein, Defendant, Union Pacific Railroad Company (hereinafter referred to as "Union Pacific"), was and is a corporation controlled, operated, and maintained in interstate commerce and in transporting interstate commerce between various states of Illinois and Kentucky, within the meaning of 49 U.S.C. 20109.

6. That at all times mentioned herein, Defendant, Steven Bybee, was an employee and supervisory personnel of Union Pacific, and at all times mentioned herein was within the meaning and definitions of 49 U.S.C. 20109.

7. That at all times mentioned herein, Defendant, Vernon James, was an employee and supervisory personnel of Union Pacific, and at all times mentioned herein was within the meaning and definitions of 49 U.S.C. 20109.

8. That at all times mentioned herein, Defendant, Michael Prince, was an employee and supervisory personnel of Union Pacific, and at all times mentioned herein was within the meaning and definitions of 49 U.S.C. 20109.

9. That at all times relevant herein, Union Pacific owns, operates and maintains track and rail yards throughout the aforementioned states including the State of Illinois and the City of Villa Grove.

10. That Plaintiff, by means of this document is filing a formal FRSA Complaint with the Secretary of Labor's OSHA Whistleblower Office.  The filing of the Complaint is within 180 days from the date Union Pacific took adverse and/or unfavorable personal action against him.

11. That Union Pacific maintains the Villa Grove, Illinois Pana yard.

12. That on or about January 29, 2020, Plaintiff, who began his shift at 5:00 AM, was working with Conductor, Mike Garfield and Brakeman, James Strubenger in the sound end of the Pana yard.

13. That at 5:20 AM, while in the performance of his duties as a Locomotive Engineer, Plaintiff fell and struck his chest on the rail while attempting to walk in poorly lit and hazardous conditions, to his assigned locomotive.

14. That Plaintiff assessed himself after the fall and concluded that he only suffered what he perceived to be just a painful bruise and although he was sore, he would still be able to perform his duties.

15. That Plaintiff fulfilled his duties on January 29, 2020 and worked eight shifts through February 9, 2020 as Plaintiff believed the status of his chest to be improving each day.

16. That on the evening of February 9, 2020, Plaintiff started having severe shortness of breath and radiating pain into his shoulder, causing him to believe that he was suffering a heart attack.

17. That Plaintiff immediately obtained medical treatment, called in sick from work, and after having been assessed at St. Anthony's Emergency Room (Effingham, Illinois), Carle Foundation Hospital (Champaign, Illinois), and Mid Illinois Medical Care Associates LLC Altamont Clinic (Altamont, Illinois)(records available for inspection upon request), Plaintiff learned that he had actually suffered rib fractures and a laceration to his spleen when he fell on January 29, 2020. *See* Employee Work History attached as **Exhibit 1**.

18. That on February 10, 2020, Plaintiff in good faith, reported the January 29, 2020 incident to MOP Glenn Davis. *Id.* at **Exhibit 1**.

19. That on February 11, 2020, Plaintiff completed a Union Pacific Railroad Report of Personal Injury. *See* Personal Injury Report attached as **Exhibit 2**.

20. That on February 18, 2020, Plaintiff received a Notice of Investigation letter from Manger of Train Operation, Vernon James, which indicated that Plaintiff was being investigated for a violation of UPRR General Code of Operating Rules, Rule 1.6: Conduct-Dishonest. *See* Notice of Investigation letter attached as **Exhibit 3**.

21. That on March 13, 2020, Plaintiff attended an Investigation hearing at Tuscola National Bank in Tuscola, Illinois which was conducted by Senior Manager of Train Operations, Michael Prince. *See* Transcript of hearing attached as **Exhibit 4**.

22. Pursuant to Section 16, System Agreement-Discipline Rule, Chaderick Black (Local Chairman, BLET Div. 724) requested that Conductor Mike Garfield and Brakeman James Strubinger be present as witnesses for the hearing; however, neither individual was present for the hearing. *See* March 6, 2020 Information Request letter attached as **Exhibit 5**.

23. During the aforementioned hearing, Defendant Vernon James, indicated that Rule 1.6 is not the specific rule for reporting a late injury to Union Pacific. *See* Pg. 38 of **Exhibit 4**. In addition, he stated that late reporting of an injury is a non-dismissal event. *Id.* at Pg. 39. Nonetheless, Mr. James claimed that Plaintiff was dishonest because "the video evidence shows no- not a single sign of any outward trauma." Id.

24. That on March 20, 2020, Plaintiff received a letter from General Manager of Transportation, Steven Bybee, indicating that he was dismissed from all service with the

Union Pacific Railroad. The letter indicates that the charge of dishonesty was sustained. See March 20, 2020 Notification of Discipline Assessed letter attached as **Exhibit 6**.

25. The letter indicates that Plaintiff was fired for reporting an injury which is a violation of the Federal Railroad Safety Act, specifically, 49 United States Code Section 20109(a)(4) which indicates that a railroad carrier may not discharge an employee for notifying or attempting to notify "the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness of an employee."

26. Defendants, individually and severally, should be subjected to punitive damages under Section 20190 to deter them from continuing to engage in the outrageous practice of retaliation against employees, and disciplining employees who engage in protected activities as set forth in Section 20109.

27. Plaintiff Crivilare requests that he be awarded compensatory damages in an amount of no less than $5,000,000.00; plus reasonable attorneys' fees; litigation costs; and Plaintiff further requests punitive damages in the amount of $250,000.00 to be assessed against each Defendant, both individually and severally, for their conduct in knowingly charging and firing Plaintiff Crivilare for reporting an injury he suffered.

WHEREFORE, in order to encourage employee s to freely report all injuries and safety complaints without fear of retaliation, thereby ensuring the Federal Railroad Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of the nation's railroad operations, Plaintiff, Victor Crivilare, prays for judgment in his favor, and against the Defendants, Union Pacific Railroad Company, Steven Bybee, Vernon James and Michael Prince, both individually and severally, for all necessary relief to make Plaintiff whole,

including expungement of all references of adverse actions in Plaintiff's personnel file; all available compensatory damages; the statutory maximum of punitive damages per Defendant; litigation costs and expenses; attorneys fees; all damages as authorized by Section 20109; and all other relief this Court deems just and proper.

**COUNT II**
**FELA-NEGLIGENCE – UNION PACIFIC RAILROAD**

COMES NOW the Plaintiff, VICTOR CRIVILARE, by and through his attorneys, Kujawski & Associates, LLC, and for his Complaint against the Defendant, Union Pacific Railroad Company, states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C. Sections 51 *et. seq.*

2. That at all times mentioned herein, the Defendant, Union Pacific Railroad Company (hereinafter referred to as "Union Pacific"), was and is a corporation controlled, operated and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail including the states of Illinois and Kentucky.

3. That on or about January 29, 2020, or on a date known more certainly to the Union Pacific, and at all times mentioned herein, the Plaintiff, Victor Crivilare, was an employee of the Union Pacific and had been for several years prior thereto.

4. That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Union Pacific or in some way directly or substantially affected said commerce.

5. That on or about the above-said date, and at all times relevant herein, the Plaintiff was employed by the Union Pacific as an Engineer and as such, was in the performance of his duties near Villa Grove, Illinois.

6. That on or about January 29, 2020, or on a date known more certainly to the Union Pacific, the Plaintiff was injured while walking in Defendant's yard in Villa Grove, Illinois when he was caused to fall.

7. That at said time and place, Union Pacific, by and through its agents, servants and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

    (a) Failed to provide Plaintiff with a reasonably safe place in which to work;

    (b) Failed to provide Plaintiff with a work surface to walk upon free from debris and foreign objects;

    (c) Failed to provide Plaintiff with a safe place to work; and,

    (d) Allowed unsafe practices to become the common practice.

8. That as a result, in whole or in part, of one or more of the above and foregoing acts of negligence or omissions on the part of Union Pacific, the Plaintiff, while in the performance of his duties as an engineer, and in connection with and in the scope and course of his employment, was caused to fall and become severely injured when walking in Defendant's yard in Villa Grove, Illinois, causing the Plaintiff to sustain severe and permanent injuries to wit: injuries to his ribs, chest, body, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spine; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability from said injuries; that Plaintiff has incurred a past and future permanent loss of earning capacity; that Plaintiff has become obligated in the past for medical expenses

resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, VICTOR CRIVILARE, prays judgment against the Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, pre-judgment interest, post-judgment interest, and all other relief deemed appropriate by this Court.

    Respectfully Submitted,

    **KUJAWSKI & ASSOCIATES, LLC**

By:   s/ John P. Kujawski
     **JOHN P. KUJAWSKI, IL BAR NO. 3128922**
     1331 Park Plaza Drive, Suite 2
     O'Fallon, Illinois 62269-1764
     (618) 622-3600 - Telephone
     (618) 622-3700 - Facsimile
     **ATTORNEY FOR PLAINTIFF**