## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **VICTOR CRIVILARE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 3:21-cv-858-DWD** |
| **UNION PACIFIC RAILROAD CO.,** | ) | |
| **STEVEN BYBEE, VERNON JAMES, and** | ) | |
| **MICHAEL PRINCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Plaintiff's Motion for Leave to Conduct a Deposition of Defendant James ("Motion") (Doc. 87). Defendants filed an Objection to that Motion (Doc. 88). For the reasons explained below, the Court **DENIES** the Motion.

According to the Amended Scheduling and Discovery Order, Discovery closed on July 1, 2023, and dispositive motions were due on August 1, 2023. (Doc. 69, pg. 2). Despite prior extensions of the deadlines in the Court's Scheduling and Discovery Order, Plaintiff did not seek to extend the most recent deadlines. (Docs. 46, 63, 69).

Instead, the parties proceeded to brief a dispositive motion. On July 28, 2023, Defendants filed their Motion and Memorandum in Support of Summary Judgment (Doc. 74). Thereafter, Plaintiff filed, and the Court granted, an Uncontested Motion for an Extension of Time to Respond to Defendants' Motion for Summary Judgment. (Docs. 76 & 77). Plaintiff also filed, and the Court granted, a Motion for Leave to Exceed the Page

Limitation in its Response in Opposition to Defendants' Motion for Summary Judgment. (Docs. 78 & 79). Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment was filed on September 13, 2023. (Doc. 80). On September 26, 2023, Defendants filed a Reply in Support of their Motion for Summary Judgment (Doc. 81), which became the subject of Plaintiff's pending and fully briefed Motion to Strike. (Docs. 82 & 83).

On October 23, 2023, the Court held a Status Conference with the parties to discuss the dates of the Final Pretrial Conference and Trial, which were set for November 16 and December 4, 2023, respectively. (Docs. 69, pg. 2; 84; 85). At that time, however, the Final Pretrial Conference and Trial were reset for March 5 and 11, 2024, due to a conflict in the Court's criminal trial calendar. (Doc. 86). Also, at that Status Conference and despite the Motions presently pending on the docket, Plaintiff's attorney inquired as to the possibility of the Court ordering a mediation. (Docs. 85 & 86). The parties were instructed to meet and confer before notifying the Court within 14 days of any decision on whether to proceed to a mediation. (Docs. 85 & 86). The Court was later informed that the parties agreed to a Mediation with Magistrate Judge Mark Beatty. (Doc. 86). Thus, on November 9, 2023, the case was referred to Magistrate Judge Beatty for the purpose of conducting a settlement conference, which is now scheduled for February 15, 2024. (Docs. 86 & 89).

It was not until November 15, 2023, that Plaintiff filed the instant Motion, wherein Plaintiff indicates there have been "numerous attempts between the attorneys in this matter to secure the deposition" of Defendant James. (Doc. 87, pg. 1). That is, Plaintiff tendered a Notice of Deposition and Amended Notice of Deposition to Defendants on January 19 and February 15, 2023, respectively. (Docs. 87; 87-1; 87-2). However, "multiple

emails and phone conversations between the parties did not result in facilitating a date for the taking of the deposition prior to the discovery cut-off date." (Doc. 87, pg. 2). Plaintiff states, on November 14, 2023, which was 1 day before the instant Motion was filed, Defendants again denied a request for the deposition. (Doc. 87, pg. 2). Plaintiff concludes by stating, "it is in the interest of resolving this matter, either amicably during a mediation or trial," to take the deposition of Defendant James. (Doc. 87, pg. 2).

In their Objection, Defendants characterize the Motion as an untimely request to reopen discovery without the adequate showing of excusable neglect. (Doc. 88, pg. 1). Defendants also argue they will suffer unfair prejudice from reopening discovery. (Doc. 88, pg. 1). In doing so, Defendants emphasize that discovery closed on July 1, 2023, the dispositive motion that was ultimately filed was due on August 1, 2023, and their attorney tendered multiple dates for a deposition of Defendant James to Plaintiff's attorney before the discovery and dispositive motions deadlines. (Docs. 88, pg. 1). Defendants indicate, "Plaintiff stated he would get back to Defense counsel, but never did, didn't do anything to accept the tendered dates or offer alternatives, and didn't take any action whatsoever to take the deposition of Mr. James prior to the close of discovery." (Doc. 88, pgs. 1-2). Defendants further indicate that it was not until September 6, 2023, *i.e.*, two months after the discovery deadline and one month after the deadline for filing dispositive motions, that Plaintiff emailed Defendant's attorney about deposing Defendant James. (Doc. 88, pg. 2). At that time, Defendants note their position in response to Plaintiff was "discovery ha[s] closed and given dispositive motions were filed, such a request created a prejudice to Defendants." (Doc. 88, pg. 2). According to Defendants, no

3

further action was taken by Plaintiff until November 15, 2023, "more than an additional two months after that email" from Plaintiff. (Doc. 88, pg. 2). Also, critically, Defendants describe the prejudice that would be suffered if the Court reopened discovery, stating "Plaintiff now possesses Defendants' dispositive motion and is therefore in possession of the Defense strategy of the case." (Doc. 88, pg. 2).

Now, the Court agrees with Defendants that the instant Motion must be interpreted as a Motion to Reopen Discovery. Under similar circumstances—namely, where a plaintiff moved to reopen discovery around one month after its close and on the same day the defendants moved for summary judgment—the Seventh Circuit stated:

> A decision to deny reopening discovery is reviewed for abuse of discretion. *Winters v. Fru–Con, Inc.,* 498 F.3d 734, 743 (7th Cir. 2007). That discretion is considerable: case management depends on enforceable deadlines, and discovery "must have an end point." *Stevo v. Frasor,* 662 F.3d 880, 886 (7th Cir. 2011). *See also Lock Realty Corp. IX v. U.S. Health, LP,* 707 F.3d 764, 772 (7th Cir. 2013). In managing their caseloads, district courts are entitled to—"indeed they must—enforce deadlines." *Raymond v. Ameritech Corp.,* 442 F.3d 600, 605 (7th Cir.2006) (internal citation and quotation marks omitted).

> Only if a party has failed to act "because of excusable neglect" do the Federal Rules permit a post-deadline extension. Fed. R. Civ. P. 6(b)(1)(B); *Brosted v. Unum Life Ins. Co. of Am.,* 421 F.3d 459, 463–64 (7th Cir. 2005). The reasons for the delay—including whether it was within the reasonable control of the movant—must be considered. *Raymond,* 442 F.3d at 606 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)). Neglect is generally not excusable when a party should have acted before the deadline, *see Murphy v. Eddie Murphy Prods., Inc.,* 611 F.3d 322, 324 (7th Cir. 2010), or when a party's lack of diligence is to blame for its failure to secure discoverable information, *see Grayson v. O'Neill,* 308 F.3d 808, 816 (7th Cir. 2002).

*See Flint v. City of Belvidere*, 791 F.3d 764, 766, 768 (7th Cir. 2015); *see also Hargrave v. Ameristar Casino East Chicago, LLC*, No. 20-cv-221, 2022 WL 4958214, *1 (Oct. 4, 2022) (discussing, *inter alia*, Federal Rule of Civil Procedure 6(b)(1) and the factors for determining excusable neglect, including the danger of prejudice to the nonmovant, the length of the delay and its potential impact on the proceedings, the reason for the delay and whether it was in the control of the movant, and the good or bad faith of the movant); *Paige v. City of Fort Wayne*, No. 9-cv-143, 2010 WL 2696338, *1 (N.D. Ind. July 2, 2010) (same); *Gravitt v. Mentor Worldwide LLC*, 342 F.R.D. 130, 133 (N.D. Ill. 2022) (noting the aforementioned factors for determining excusable neglect and stating, "[t]he '[m]ost important' factor is 'the reason for the delay'; if the moving party fails to demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' she cannot establish excusable neglect regardless of how short the delay was or how little it prejudiced the opposing party.").

The Court understands Plaintiff's desire to depose Defendant James. However, based on the instant Motion, the Court cannot find excusable neglect under the above-discussed authorities. It is common for attorneys to experience difficulty when seeking to accommodate each other's schedules in discovery, as to necessitate a back-and-forth about an agreeable date for conducting a deposition. That circumstance arises in all litigation. Here, though, it was only after the discovery deadline lapsed and Defendants' Motion and Memorandum in Support of Summary Judgment was fully briefed that Plaintiff sought to conduct a deposition of a named party. Indeed, the instant Motion was filed 137 days after the discovery deadline and 106 days after the dispositive motion

deadline. The Court cannot find excusable neglect under these circumstances, especially where there is no indication that Plaintiff was prevented from making his request or presenting any related dispute between the parties to the Court within the time allowed by the operative Scheduling and Discovery Order. *See Flint*, 791 F.3d at 768.

Also, aside from the length of the delay and the fact that Plaintiff's request could have been made sooner, the Court understands Defendants' other concern regarding potential prejudice. In short, a grant of the instant Motion would allow the reopening of discovery at a time when Plaintiff has already had the opportunity to review Defendants' arguments on summary judgment. *See id*. And, notably, it is unclear at this point whether the reopening of discovery would then necessitate a redo of summary judgment briefing.

Accordingly, in light of the absence of excusable neglect under Rule 6(b)(1)(B), the Court is left with no meaningful option but to **DENY** the instant Motion. *See Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*, 900 F.3d 884, 891 (7th Cir. 2018) ("Where the failure to secure discovery is due to a party's own lack of diligence, the district court can[,] in its discretion[,] hold the party to the consequences of its choice and decide the summary judgment motion."); *Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 7-cv-1902, 263 F. Appx. 479, 2008 WL 34144, **3 (7th Cir. Feb. 6, 2008) (concluding it was not an abuse of discretion to refuse the production of new documents, where, *inter alia*, the plaintiff, but for a lack of diligence, could have pursued the documents during discovery); *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996) (concluding it was not an abuse of discretion to decline to reopen discovery, where the discovery period was ample, the motion was made three months after the filing of the defendant's motion for summary

judgment, and a grant of the motion would have occasioned more discovery and a duplication of the expense of drafting and supporting the dispositive motions).

**SO ORDERED.**

Dated: December 7, 2023

*s/ David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge